**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3791
_____

UNITED STATES OF AMERICA

v.

ANTONIO RODRIGUEZ,
a/k/a
ANDY FLORES-TINEO,
                              Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-10-cr-00854-2)
District Judge: Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 14, 2012

Before: RENDELL, FUENTES, and CHAGARES, *Circuit Judges*

(Opinion Filed: November 27, 2012)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Antonio Rodriguez appeals his sentence of 170 months imprisonment imposed

after his plea of guilty to conspiring to distribute five kilograms or more of cocaine and

one kilogram or more of heroin. Rodriguez argues that his trial counsel was ineffective

and that the sentencing judge violated his due process rights by mentioning an unresolved drug charge as a reason for refusing to downward adjust his criminal history level. For the following reasons, we reject Rodriguez's contentions and affirm his sentence.

## I.

Because we write primarily for the parties, we set forth only the facts relevant to our resolution of this appeal. In June of 2010, law enforcement officials in Linden, New Jersey observed an individual removing an unidentified package from a 2007 Jeep Cherokee during the course of a suspicious encounter with other individuals. Officials later seized $999,000 in cash from the tractor trailer driven by the first individual. Two weeks later, officers conducting surveillance of a different tractor trailer observed Rodriguez and a co-conspirator, Luis Mendez-Rivera, arrive at a hotel in South Plainfield, New Jersey in the same jeep they had previously observed. Rodriguez and Mendez-Rivera entered the hotel, as did the driver of the tractor trailer, who was later identified as Javier Ramirez. The three men drove together in the jeep to two separate warehouses, then returned to the hotel parking lot. There, the officers found approximately 14.6 kilograms of cocaine and 15.8 kilograms of heroin in a hidden compartment in Ramirez's tractor trailer. The subsequent investigation revealed that Rodriguez had traveled outside of New Jersey to coordinate narcotics activities, and had directed the delivery of the $999,000 in cash two weeks earlier.

On April 7, 2011, Rodriguez appeared before a Magistrate Judge to plead guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, and one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a) and

2

(b)(1)(A), and of 21 U.S.C. § 846.  At the beginning of the hearing, the Magistrate adjourned the proceedings to give Rodriguez an opportunity to review the plea agreement and related documents with the assistance of his attorney and a court interpreter.  When the hearing resumed later that day, Rodriguez testified under oath that the plea agreement had been read to him in Spanish, that he had had enough time to speak to his attorney about the agreement, and that he was satisfied with the assistance his counsel had provided in reviewing the agreement.  The Court then conducted a thorough colloquy, and concluded that Rodriguez's plea was knowing and voluntary.  It therefore recommended that the district court accept the plea, which it did on May 5, 2011.

A probation officer prepared a Presentence Investigation Report ("PSR") in advance of sentencing.  The PSR calculated a total offense level of 33, resulting in an advisory guideline range of 151 to 188 months imprisonment.  The PSR also placed Rodriguez in Criminal History Category II, based on a prior conviction in October of 2000 for illegal reentry into the United States.  The PSR noted the existence of a pending charge against Rodriguez in Bronx County Supreme Court, New York, arising from an arrest in 1999 for possession of an illegal substance.  The PSR explained that the probation officer had obtained a report from the New York City Police Department regarding the charge, which involved possession of more than four ounces of cocaine, and that a bench warrant issued in the year 2000 remained outstanding in connection with that charge.  The PSR also noted that Rodriguez claimed to the probation officer that a relative had left a package at his home that he later discovered to contain drugs, and that he called the police to report the incident but was arrested.

Rodriguez made two written motions prior to the sentencing hearing, one for a minor role adjustment pursuant to U.S.S.G. §§ 3B1.2 and 2D1.1(a)(3), and one for a downward variance pursuant to 18 U.S.C. § 3553(a) on the ground that his criminal history category overstated his true past criminality. With regard to the second argument, Rodriguez noted that his criminal activities had all occurred within a nine-month period more than nine years prior to sentencing, which was close to the ten year outside period for consideration of past criminality, and that he had led a crime-free life since.

On September 28, 2011, the District Court held a sentencing hearing, which proceeded as follows. Rodriguez's counsel started by disputing the statement in the PSR that Rodriguez had paid for Mendez-Rivera's attorney's fees. The District Court indicated it would not consider the issue in connection with Rodriguez's sentencing and the government stipulated it would not raise the issue in connection with the minor role adjustment motion. A. 117-20. Next, Rodriguez's counsel made reference to his motion for a minor role adjustment and rested that motion on his papers. A. 121. He then proceeded to argue the motion to adjust the level of criminality largely on the basis of his written submission. In its rebuttal, the government noted that far from understating Rodriguez's true level of criminality, the criminal history category "fails to account for the fact that [Rodriguez] still has that cocaine possession case outstanding." A. 125.

The District Court then ruled on the motions. It denied the minor role adjustment motion based on its understanding of Rodriguez's involvement in the conspiracy from the sentencing of Rodriguez's co-conspirator, Mendez-Rivera, as well as on the fact that Rodriguez had directed the delivery of almost a million dollars in cash and on the

4

"enormous quantity" of drugs in the conspirators' possession.  A. 126-27.  The District Court also rejected the argument that the criminal history level overstated Rodriguez's true criminality.  The Court reasoned that there would always be crimes that occurred close to the ten-year cutoff for considering past criminal activity and therefore that was insufficient reason to give such convictions less weight.  The Court also noted that given that Rodriguez had been out of the United States for most of the past nine years she would not assume without more information that he had led a crime-free life during that period.  Finally, the District Judge commented that Rodriguez had, as the government suggested, "other charges of a similar ilk still unresolved."  A. 126.  Rodriguez did not object to the inclusion of the 1999 arrest and charge in the PSR and did not object to the sentencing court's mention of that matter during the proceeding.

After noting that there were no variance applications by either side, the Court next considered the parties' arguments with respect to the § 3553(a) sentencing factors.  Rodriguez's counsel argued that the amount of familial support received by Rodriguez "says volumes" of him, because in counsel's experience this phenomenon was unusual.  Defense counsel further noted that counsel "c[a]me from a middle class family" and that familial abandonment "wouldn't have existed in [defense counsel's] world."  A. 131-32.  The government then argued for a sentence at the high end of the guidelines range in part because Rodriguez "was arrested in New York for possession of a fairly substantial amount of cocaine" and that despite Rodriguez's explanations "the fact remains that he was arrested and that that case is still pending out there and it involved drugs."  A. 141.

The District Court sentenced Rodriguez to 170 months in prison, the middle of the

advisory guidelines range, without mentioning the pending charge. This appeal followed.

**II.**

The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

**A.      Ineffective Assistance of Counsel**

On appeal, Rodriguez first argues that his trial counsel was ineffective for (a) not fully explaining to him the consequences of the plea in Spanish, (b) making prejudiced statements about Rodriguez's social class when he argued that familial support was not common for defendants like Rodriguez, (c) failing to orally press the minor role adjustment motion at the sentencing hearing, and (d) failing to investigate certain issues that arose at sentencing, most notably whether Rodriguez had indeed led a crime-free life while he was outside of the United States, and the resolution of Rodriguez's prior arrest in New York in 1999.

Subject to certain narrow exceptions, it is well settled that we do not entertain claims of ineffective assistance of counsel on direct appeal. *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 371 (3d Cir. 2010) (citation omitted). We entertain such claims on direct appeal only when "the record is sufficient to allow determination of ineffective assistance [and] there is no need for further factual development." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).

We have carefully reviewed the record and conclude that Rodriguez's ineffective assistance of counsel claims do not fall within any cognizable exception to the general rule. Without a fully developed record, we cannot determine whether trial counsel's

6

failure to fill certain factual gaps violated the Sixth Amendment. Such claims must therefore be entertained in the first instance by the district court in a § 2255 proceeding.

**B.      The District Court's mention of Rodriguez's prior arrest**

Relying on our decision in *United States v. Berry*, 553 F.3d 273, 284 (3d Cir. 2009), Rodriguez also argues that "[b]y considering the mere fact of [his] prior arrest as a basis for denying his application for a more lenient sentence, the District Court violated [his] right to due process." Appellant's Br. at 37. Because Rodriguez did not raise this issue before the District Court, it is subject to plain error review. *Berry*, 553 F.3d at 279. To prevail, Rodriguez must show "(1) error, (2) that is plain or obvious, and (3) that affects a defendant's substantial rights." *Id.* (citation omitted).

The defendant's guideline range in *Berry* was 30 to 37 months in prison, based in part on the fact that the PSR there placed him at a category history level one. *Id.* at 275-76. The PSR also noted that Berry had been arrested twice as an adult, that one arrest had turned into a charge had been dropped due to lack of prosecution, and the other arrest had been "nol prossed." *Id.* at 275-76. At sentencing, Berry's defense counsel emphasized that Berry had no prior convictions, but the court rejected the argument, noting that "reading between the lines—this seems rather obvious that the reason he doesn't have any actual adult convictions is because of the breakdowns in the court—in the state court system-and not because of innocence." *Id.* at 277. In connection with its consideration of the § 3553(a) factors, the district court later reiterated that it did not think the criminal history category "reflect[ed] quite adequately the seriousness of their criminal exposure in the past," and ultimately sentenced Berry to 36 months. *Id.* at 279.

We vacated Berry's sentence on two grounds. First, we noted that the district court's assumption that the lack of conviction was a result of a breakdown in the court system was based on nothing "other than rank speculation," *id.* at 278. Second, we held that, as a matter of law, due process does not permit a district court to consider "a bare arrest record—without more" and that such record "does not justify an assumption that a defendant has committed other crimes and it therefore cannot support increasing his/her sentence in the absence of adequate proof of criminal activity." *Id.* at 283. We stressed that "[i]t is the fact of the increase based upon inadequate evidence, not the mechanism by which the increase is accomplished that offends due process." *Id.* at 284. However, we also made clear in *Berry* that we "permit consideration of the underlying conduct where reliable evidence of that conduct is proffered or where the PSR adequately details the underlying facts without objection from the defendant." *Id.*

Upon consideration of the record, we conclude that the District Court did not plainly violate the principles of *Berry*. First, unlike the court in *Berry*, the District Court here did not rely on dismissed charges or on a "nol prossed" arrest that also formed the basis of the federal conviction. Instead, it relied on a pending charge for which a bench warrant was outstanding. Indeed, in *Berry* we recognized that "avoiding adjudication of guilt by failing to appear is quite different from never obtaining an adjudication of guilt because the charges were dismissed." *Id.* at 282 (citations omitted). Second, the PSR and the District Court did not rely on a "bare" record "without more." The probation officer obtained a report from the New York City Police Department and interviewed Rodriguez regarding the charge. This was more information than that before the district

8

court in *Berry*. Moreover, Rodriguez never objected to the information contained in the PSR with respect to this charge. Thus, the PSR here, unlike that in *Berry*, "detail[ed] the underlying facts without objection from the defendant." *Id.* at 284. Finally, the District Court mentioned the prior charge only once, in ruling on Rodriguez's motion for a criminal history adjustment, which it denied for other reasons in addition to the pending charge. By contrast, the court in *Berry* relied on prior arrests both in the context of the criminal history adjustment and in selecting the final sentence as it considered the § 3553(a) factors, and mentioned the prior arrest as the only reason to deny the motion for a criminal history adjustment. Accordingly, the District Court did not err in mentioning Rodriguez's pending charge during the sentencing hearing.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court without prejudice to Rodriguez raising his ineffective assistance of counsel claims in a properly instituted proceeding under § 2255.